### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAul ROPPOLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. CIV 21-259-RAW-JAR |
| | ) |
| JIM FARRIS, | ) |
| | ) |
| Defendant. | ) |

### OPINION AND ORDER

This action is before the Court on Defendant's motion to dismiss. (Dkt. 12). Plaintiff is a pro se litigant who previously was a prisoner in the custody of the Oklahoma Department of Corrections (DOC). He brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations occurring during his incarceration at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. (Dkt. 1). Defendant is OSP Warden Jim Farris. Plaintiff has not filed a response to Defendant's motion to dismiss, but he has filed documents related to his medical condition. (Dkts. 14, 18).

Plaintiff alleges he was planning to be released from custody on July 1, 2021. On May 20, 2021, however, he was informed that he would have to register as a sex offender because of a 1998 Colorado conviction for public indecency. Plaintiff contends Colorado does not require sex offender registration for this offense. He claims that after the fact of his sex offender status became known in the prison, he asked to be single-bunked for protection. (Dkt. 1 at 4).

Plaintiff further alleges that on June 8, 2021, he was beaten in the prison and taken

to the OSP hospital with a broken jaw and severe brain trauma. He also was sexually assaulted by his attacker. He claims his concussion still causes him trouble with seeing and walking. *Id.*

Plaintiff's family was not notified of his injuries, but the family was advised that he would be released on July 19, 2021. Plaintiff asserts that on July 1, 2021, DOC took him from OSP to an extended stay motel in Oklahoma City, which he was told was a homeless shelter. *Id.*

Plaintiff alleges he requested a report from DOC Internal Affairs but did not receive a reply. On July 3, 2021, he filed a grievance with the Oklahoma Sex Offender Registry (OSOR), asking not to be required to register. The request was denied on July 24, so he filed an appeal to the OSOR Administrative Review Authority, which was denied on August 3, 2021. He asserts Okla. Stat. tit. 21, § 1123, which concerns "Lewd or indecent proposals or acts as to child under 16 or person believed to be under 16--Sexual battery" is not similar to his November 4, 1998, Colorado conviction for public indecency and prostitution. *Id.*

Plaintiff went to Florida to live with his family and to recover, until the Florida Sex Offender and Predators Unit informed him that he could not live there. He temporarily moved to another address and presently lives in Greeley, Colorado. *Id.*

Plaintiff is asking to be compensated for his medical expenses, along with 0adequate compensation until he can again become self-employed. He also requests punitive damages of one million dollars from DOC for his having suffered cruel and unusual punishment.

Finally, he wants to be removed from the sex registration requirement imposed by Oklahoma and subsequently imposed in Florida because of the DOC's error. *Id.* at 5.

Defendant Warden Jim Farris has filed a motion to dismiss, alleging, among other things, that Plaintiff has failed to state a claim upon which relief can be granted. (Dkt. 12). The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558.

Defendant alleges that Plaintiff's claim is best characterized as one for failure to protect, which should be analyzed under the Eighth Amendment's deliberate indifference standard. The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This includes "a duty to protect prisoners from violence at the hands of other prisoners." *Requena v. Roberts*, 893 F.3d 1195, 1214

3

(10th Cir. 2018) (quoting *Farmer*, 511 U.S. at 832) (quotation marks and ellipses omitted).

To prevail on a failure-to-protect claim, Plaintiff must show Defendant was deliberately indifferent. *Farmer*, 511 U.S. at 829. An inmate first must show that the conditions of his confinement posed an objective, "substantial risk of serious harm." *Id.* at 834. Second, he must show that prison officials had a subjective knowledge of this risk, but nevertheless recklessly disregarded that risk. *Id.* at 839-40. Under the objective component, the deprivation must be "sufficiently serious," with the prison official's act or omission resulting in "the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (citations and internal quotation marks omitted). Under the subjective component, deliberate indifference is established only when a prison official knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 837. Specifically, under the subjective prong, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Deliberate indifference requires "a higher degree of fault than negligence, or even gross negligence," but is less than the intentional and malicious infliction of injury standard in *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). *Berry v. City of Muskogee*, 900 F.2d 1489, 1495-96 (10th Cir. 1990) (citation omitted).

Plaintiff does not allege that Defendant disclosed Plaintiff's sex offender status or knew that his status had been disclosed. Plaintiff also does not allege that Defendant knew

4

of facts or "drew the inference" that Plaintiff was in danger of assault as a result of the alleged disclosure of his sex offender status, or that Defendant disregarded the danger or failed to respond appropriately. Instead, Plaintiff alleges he was assaulted when other inmates learned he was a sex offender. Plaintiff's Colorado conviction is public information, therefore, Plaintiff's allegations, "viewed in isolation, could not support a finding that [Defendant] failed to respond to a known risk . . . ." *Keith v. Koerner*, 843 F.3d 833, 841 (10th Cir. 2016).

In addition, Plaintiff's complaint contains no allegations to support a claim that Defendant acted with a culpable state of mind or knew of and disregarded facts that would put Defendant on notice that Plaintiff was being assaulted or that he was in danger of such harm. *See Farmer*, 511 U.S. 825, 837 (1994). Instead, Plaintiff's allegations against Defendant are best categorized as negligence claims that do not rise to the level of a constitutional violation. *See Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006) ("Mere negligence does not constitute deliberate indifference; deliberate indifference is equivalent to recklessness in this context."). Thus, Plaintiff's Eighth Amendment claims against Defendant Farris must be dismissed.

Defendant further alleges there is no case or controversy with respect to Plaintiff's sex offender registration claim. Plaintiff is asking this Court to enjoin Defendant from requiring him to register as a sex offender, however, Oklahoma's Sex Offenders Registration Act only applies to persons "residing, working or attending school within the State of

Oklahoma . . . ." Okla. Stat. tit. 57, § 582(A).

Plaintiff's complaint indicates he is residing in Colorado. (Dkt. 1 at 1). The National Sex Offender Public Website lists Plaintiff as residing in the State of Florida (Dkt. 12-1), and the Florida sex offender website indicates Plaintiff resides in Florida and is registered in Florida (Dkt. 12-2). Because Plaintiff's complaint fails to articulate how Defendant Farris has unlawfully subjected him to the registration requirement of Oklahoma's Sex Offender database, where Plaintiff is not currently registered, this claim is moot. (Dkt. 12-3). The claim must therefore be dismissed for lack of a case or controversy.

Based on the foregoing reasons the Court finds the allegations in Plaintiff's complaint do not rise to the level of a constitutional violation. Therefore, this action must be DISMISSED.

**ACCORDINGLY,** Defendant's motion to dismiss (Dkt. 12) is GRANTED. This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 19th day of September 2022.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma